UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON W. ROBINSON BEY,

        Plaintiff,                      Civil Case No. 15-13463
                                                    Honorable Linda V. Parker

v.

STATE OF MICHIGAN, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

On October 1, 2015, Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: State of Michigan, Governor Richard Snyder, Attorney General Bill Schuette, Secretary of State Ruth Johnson, Macomb County Prosecutor Eric J. Smith, City of Warren, Attorney Joseph Alex and Associates, Magistrate Fora, Judge Jay Churmura Moore, Warren Police Department, and several police officers.  The Court is granting Plaintiff's application to proceed without prepayment of fees.  *See* U.S.C. § 1915(a).  This does not mean that Plaintiff's case may go forward, however.  For the reasons set forth below, the Court concludes that the Complaint must be summarily dismissed.

Pursuant to § 1915, the court is required to dismiss a complaint filed in forma pauperis if the court finds any of the following:

    (A) the allegation of poverty is untrue; or

 (B) the action or appeal--

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  "Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous." *Leveye v. Metro. Public Defender's Office*, 73 F. App'x 792, 793 (6th Cir. 2003) (unpublished opinion) (citing 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)).

 According to his Complaint, on July 14, 2015, Plaintiff was arrested by Warren police for driving with a suspended license, assault on a police officer, and obstruction of an officer.  (ECF No. 1.)  Plaintiff contends that there was no probable cause for his arrest and that the magistrate(s), judges, and prosecutor are proceeding to prosecute him "where no crime [was] committed."  (*Id.*)  Plaintiff alleges that at a show cause hearing on September 8, 2015, Judge Jennifer Faunce

---

[1] 28 U.S.C. § 1915A also requires a district court to screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity.  It is not evident, however, whether Plaintiff currently is a prisoner.

made him, rather than the prosecutor, "to state grounds Plaintiff should be released." (*Id.*)  Plaintiff indicates in his Complaint that a jury trial was set in his case for October 6, 2015.  Plaintiff seeks the following relief: (1) order the State to immediately drop all charges against him; (2) order the State to follow the rule of law; and (3) repeal the State's drivers laws immediately "as they are in contrare to the [United States Code]."

The Macomb County Circuit Court docket reflects that on October 6, 2015, Plaintiff was found or pleaded guilty to the following charges: (1) attempted assault, resisting, obstructing a police officer in violation of Michigan Compiled Laws § 750.81d; (2) operating a motor vehicle with a suspended license in violation of Michigan Compiled Laws § 257.904(1)(b); and (3) improper use of a license plate, registration, or title in violation of Michigan Compiled Laws § 257.256.  *See* http://courtpa.macombgov.org.  It appears from the docket that the state court sentenced Plaintiff on October 6, 2015 to 100 days' incarceration on the first count, 93 days' incarceration on the second count, and 90 days' incarceration on the final count.  *Id.*  Plaintiff received credit for 83 days of time served.  *Id.*

To the extent the state court proceedings have concluded, Plaintiff's Complaint is subject to summary dismissal under the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).  As the *Heck* Court summarized in its holding:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original and footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive relief that would necessarily imply the invalidity of the plaintiff's conviction or imprisonment. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (unpublished opinion); *see also Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998). Plaintiff's October 6, 2015 conviction presumably has not been reversed or otherwise invalidated at this time. Therefore, his claims are barred by *Heck*. To the extent the state court proceedings are not concluded, Plaintiff's claims are barred by a different Supreme Court doctrine: *Younger* abstention.

Pursuant to the doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), this federal court may not interfere with the state court proceedings by requiring the State to drop the charges against Plaintiff or order the State to follow any law. *See Leveye*, 73 F. App'x at at 793-94 (citing *Younger*, 401 U.S. 37). Pursuant to the *Younger* doctrine, "a federal court must decline to interfere with pending state proceedings involving important state interests unless

4

extraordinary circumstances are present." *Id*. (citing *Younger*, 401 U.S. at 44-45). "*Younger* abstention applies when the state proceeding (1) is currently pending; (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Id*. (quoting *Carroll v. City of Mount Clements*, 139 F.3d 1072, 1074 (6th Cir. 1998)). " 'For purposes of the first requirement, a state prosecution is considered to be pending if as of the filing of the federal complaint not all state appellate remedies have been exhausted.' " *Tesmer v. Granholm*, 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000) (quoting *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D.Kan. 1996)).

All three factors supporting *Younger* abstention are present in this case if Plaintiff's criminal case remains pending in the state courts. The criminal case implicates important state interests, "as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Id*. at 794 (citing *Younger*, 401 U.S. at 43-45). Finally, the Supreme Court has instructed that federal courts "must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (noting that "Article VI of the United States Constitution declares that 'the Judges in every State shall be bound' by the Federal Constitution, laws, and treaties" and that therefore "a federal court should assume that state procedures will afford an

adequate remedy, in the absence of unambiguous authority to the contrary."). To the extent Plaintiff did not raise his constitutional challenges in the state criminal proceedings, he has the opportunity to raise them on appeal to the Michigan appellate courts. Thus Plaintiff has an adequate opportunity to challenge and correct any constitutional violations in the first instance before the state courts.

For the foregoing reasons,

**IT IS ORDERED**, that Plaintiff's application to proceed without prepayment of the filing fee is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                  s/ Linda V. Parker
                                  LINDA V. PARKER
                                  U.S. DISTRICT JUDGE

Dated: November 9, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 9, 2015, by electronic and/or U.S. First Class mail.

                                  s/ Richard Loury
                                  Case Manager